**UNITED STATES of America**

**v.**

**Joshua EILBERG.**

**Crim. No. 78–311.**

United States District Court,
E. D. Pennsylvania.

Feb. 15, 1979.

---

1. All material that has been impounded in this case will be released immediately upon empanelment of the jury.

Peter F. Vaira, U. S. Atty., Alan M. Lieberman, Sp. Asst. U. S. Atty., Frank H. Sherman, Asst. U. S. Atty., Philadelphia, Pa., for plaintiff.

John Rogers Carroll, Thomas Colas Carroll, Philadelphia, Pa., for defendant.

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

Defendant has moved for the suppression of evidence which he contends is protected by his Constitutional Speech or Debate privilege. The specific evidence at issue is:

I. Testimony given by defendant and others before the United States House of Representatives Committee on Standards of Official Conduct (Ethics Committee). Since the government has advised the Court of its intention to use only the defendant's own testimony in cross-examination should he testify in his own defense, the Court will consider only defendant's testimony in this Memorandum.

II. The expected testimony of Stephen B. Elko, Representative Daniel J. Flood's former legislative aide, concerning what defendant deems to be a "member to member contact".

■ Art. I, § 6, Cl. 1 of the Constitution provides that "for any Speech or Debate in either House, they [Members of Congress] shall not be questioned in any other Place." The Speech or Debate Clause has been construed "broadly to effectuate its purpose." *United States v. Johnson*, 383 U.S. 169, 180, 86 S.Ct. 749, 755, 15 L.Ed.2d 681 (1966). With respect to the purpose of the Speech or Debate privilege, the Supreme Court said in *United States v. Brewster*, 408 U.S. 501, 508, 92 S.Ct. 2531, 2535, 33 L.Ed.2d 507 (1972):

> Our speech or debate privilege was designed to preserve legislative independence . . . . Our task, therefore, is to apply the Clause in such a way as to insure the independence of the legislature without altering the historic balance of the three co-equal branches of government.

■ The Speech or Debate privilege protects only the legislative acts of congressmen:

*Johnson* thus stands as a unanimous holding that a Member of Congress may be prosecuted under a criminal statute provided that the Government's case does not rely on legislative acts or the motivation for legislative acts. A legislative act has consistently been defined as an act generally done in Congress in relation to the business before it. In sum, the Speech or Debate Clause prohibits inquiry only into those things generally said or done in the House or the Senate in the performance of official duties and into the motivation for those acts.

*Brewster, supra*, 408 U.S. at 513, 92 S.Ct. at 2531. Legislative acts include only those acts "generally done in the course of the process of enacting legislation" or those acts which are clearly a part of the "due functioning of the legislative process." *Id.* 408 U.S. at 513–17, 92 S.Ct. at 2538–39. Thus, in deciding the motions to suppress the evidence presented to this Court for its consideration, the Court must determine whether the evidence sought to be suppressed are legislative acts within the above definition.

### I. *Defendant's Testimony Before the Ethics Committee.*

We will first consider defendant's testimony before the Ethics Committee.[1] This testimony was presented at a closed hearing, where defendant was questioned concerning the receipt of compensation in connection with a federal grant to Hahnemann Hospital. This testimony of defendant relates directly to the subject matter of the indictment; in fact, the Ethics Committee questioned Mr. Eilberg concerning his knowledge of 18 U.S.C. § 203.

■ In general, the activities of Congressional committees are protected under the Speech or Debate Clause. *Gravel v. United States*, 408 U.S. 606, 92 S.Ct. 2614, 33 L.Ed.2d 583 (1974); *Doe v. McMillan*, 412 U.S. 306, 93 S.Ct. 2018, 36 L.Ed.2d 912

---

1. Since the government intends to use this evidence only to cross-examine defendant in the event he takes the stand, a decision on its admissibility may be premature. We are, however, deciding the matter prior to trial since the government may have a right to appeal under 18 U.S.C. § 3731.

(1973). The government argues that only the members of the Ethics Committee, not Mr. Eilberg, are protected, since only they were acting in a legislative capacity. This is too narrow a view of the Speech or Debate privilege as interpreted by the Supreme Court in *Gravel, supra,* 408 U.S. at 624, 92 S.Ct. at 2626:

> . . . a member's conduct at legislative committee hearings although subject to judicial review in various circumstances,[2] as is legislation itself, may not be the basis for a civil or criminal judgment against a member because that conduct is within the "sphere of legitimate legislative activity". (footnote added).

■ It might be argued that, since the testimony of the defendant before the Ethics Committee related to 18 U.S.C. § 203, such testimony is beyond the scope of legislative activity and is not protected by the Speech or Debate Clause. The Committee, however, was engaged in the very function the Speech or Debate Clause protects—the right of Congress to preserve its independence by disciplining its own members. This right to discipline is one of the matters "which the Constitution places within the jurisdiction of either House." *Gravel, supra,* 408 U.S. at 626, 92 S.Ct. at 2627. Therefore, we find that defendant's testimony before the Ethics Committee is protected by the Speech or Debate Clause.

■ Finally, the argument that the defendant's testimony before the Ethics Committee should be available to the government for impeachment purposes on cross-examination, even though the Speech or Debate Clause would prohibit its use as substantive evidence, appears to have been answered by our Third Circuit in its decision concerning proceedings before the grand jury in this case. *In re Grand Jury Investigation, ("A", Intervenor),* 587 F.2d 589 (3d Cir. 1978). The Court held that the Speech or Debate privilege prohibits any use of protected material, since the privilege "is at its core a use privilege." *Id.* at 596. As Judge Gibbons stated:

Unlike a violation of the Fourth Amendment which the *Calandra* Court held to be a *past* abuse and thus the lawful basis for subsequent grand jury questioning, it is the very act of questioning that triggers the protections of the Speech or Debate Clause.

*Id.* at 598.

Accordingly, the motion to suppress shall be GRANTED as to the defendant's testimony before the Ethics Committee.

II. *Expected Testimony of Stephen B. Elko.*

The other evidentiary matter which the defendant seeks to suppress is the expected testimony of Stephen B. Elko, former aide to Congressman Daniel J. Flood, concerning the roles allegedly played by the defendant and Congressman Flood in connection with the $14.5 million grant to Hahnemann from CSA. The government expects that Mr. Elko's testimony will be in line with that portion of his grand jury testimony and two related memoranda that have been submitted to this Court by the government for *in camera* inspection. The substance of this testimony concerns activities of Mr. Elko, Lawrence Corson, Esq., one of the defendant's law partners, Congressman Flood, and the defendant in connection with the release of the grant funds from CSA to Hahnemann.

■■ At the time in question, Stephen Elko was an aide to Congressman Flood. The activities of a congressman's aide are protected by the Speech or Debate privilege if they are acts which, if done by the congressman himself, would be so protected. *Gravel, supra.* Defendant claims that the activities about which it is expected Mr. Elko will testify are protected by the Speech or Debate Clause, on the ground that they concern a "member to member communication" in connection with Congressman Flood's role as Chairman of the

---

2. Judicial review here refers to review of whether the particular activity is within the scope of the Committee's authority. *Tenney v.*

*Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951).

Labor-HEW Appropriations Committee. We do not agree. We find that the expected testimony of Mr. Elko is not protected by the Speech or Debate Clause. This testimony does not pertain to legislative activity. It does concern actions with the executive branch of government for the purpose of effectuating the release of grant funds from CSA to Hahnemann. It is the type of legislator-to-executive contact which the Supreme Court has found not to be protected by the Speech or Debate Clause. *Brewster, supra.* As the Court there stated:

> It is well known, of course, that Members of the Congress engage in many activities other than the purely legislative activities protected by the Speech or Debate Clause. These include a wide range of legitimate "errands" performed for constituents, the making of appointments with Government agencies, assistance in securing Government contracts . . .

*Id.* 408 U.S. at 513, 92 S.Ct. at 2537. Again, in *Gravel, supra,* the Court stated:

> That Senators generally perform certain acts in their official capacity as Senators does not necessarily make all such acts legislative in nature. Members of Congress are constantly in touch with the Executive Branch of the Government and with administrative agencies—they may cajole, and exhort with respect to the administration of a federal statute—but such conduct, though generally done, is not protected legislative activity.

*Id.,* 408 U.S. at 626, 92 S.Ct. at 2627.

Therefore, the motion to suppress Stephen B. Elko's expected testimony shall be DENIED.